■ In the Matter of the Claim of PATSY ALI, Respondent, against ALLEGHENY LUDLUM STEEL CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board dated April 4, 1957, to the extent it awarded compensation for partial disability from August 2, 1955 to September 17, 1955. On June 11, 1955 this claimant struck his arm on a barrel of alloy, which caused him to pull his arm back and strike his elbow on a steel box. As a result of the accident he suffered a left olecranon bursitis with fluid formation and swelling. The employer does not dispute the award for reduced earnings from June 13, 1955 to August 2, 1955 but contends that the award from August 2, 1955 to September 17, 1955 is unsupported by any medical evidence of disability. The board evidently based its award on the reports of Dr. Markowitz dated August 13, 1955 wherein he stated that "Patient still has some point tenderness of left elbow when pressure is placed on same, but to a lesser degree" and that several weeks of further treatment was probable, and the report dated August 16, 1955 in which he stated that "Condition has improved, but patient still has definite point tenderness over left elbow joint." These reports, coupled with the testimony of the claimant that he was assigned to an easier job by an employee of appellant named Jack Mordock, and his statements that he was not ordered back to his regular job until mid-September, allowed the board to indulge in the presumption of a continuing causally related partial disability (*Matter of Brady* v. *Greenwich Sav. Bank*, 263 App. Div. 767; *Matter of Brewka* v. *Mollet*, 279 App. Div. 1104), and award claimant reduced earnings to September 17, 1955. Payroll submissions were made by employer. There was no evidence upon the part of the employer to dispute the above except the report of Dr. Talin dated August 9, 1955 who examined claimant on August 2, 1955 and said in the letter to the employer that the claimant should be able to return to his regular work. It was evident from this report that claimant was not doing his regular work on August 2, 1955 and there was no evidence on behalf of the employer disputing claimant's contention that he did not return to his regular work until September 17, 1955. Dr. Talin was not sworn on behalf of the employer. The evidence was not complete or entirely satisfactory, but presented a question of fact which has been resolved by the board in favor of the claimant. Upon the record we may not say as a matter of law and the board could not so determine this question of fact and we feel that it has done so on substantial evidence. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.